**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL G. KOST, SR.,**

              **Plaintiff,**              3:14-cv-90
                                                             (GLS/DEP)
              v.

**LOUIS MOSIER TRUST et al.,**

              **Defendants.**
_____

## SUMMARY ORDER

Plaintiff Michael G. Kost, Sr. commenced this action against defendants Louis Mosier Trust, Craig Mosier, individually and in his capacity as Trustee of the Louis Mosier Trust, and John and Jane Doe, unidentified trustees of the Trust, alleging unjust enrichment and seeking to recover excess funds paid to the Trust related to a real property purchase in Canandaigua, New York. (*See generally* Compl., Dkt. No. 1.) Pending is Kost's motion for default judgment. (Dkt. No. 10.) For the reasons that follow, Kost's motion is granted.

Briefly, the background of the instant action is as follows. In March 1998, Kost purchased real property from Mosier Enterprises, Inc. for a purchase price of $302,250. (Compl. ¶¶ 2-3.) In connection with the purchase, Kost transferred to Mosier Enterprises cash and a note in the

face amount of $275,000, along with a mortgage as security, which was to be paid over the course of ten years with monthly payments of $3,634.15.[1] (*Id.* ¶¶ 4-7.) Kost made each scheduled payment for the entire ten-year term, but continued to make monthly payments until December 2011, when he realized that there was no longer a valid underlying obligation. (*Id.* ¶ 13.)

On January 28, 2014, after unsuccessful attempts to recover the overpayments, which total $156,268.83,[2] (Dkt. No. 10, Attach. 1 ¶ 9), Kost commenced this action, (*see generally* Compl.). Defendants were served with process on March 4. (Dkt. Nos. 4-6.) However, defendants have not yet filed an appropriate responsive pleading or otherwise appeared in this action, and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). On March 25, Kost filed a request for entry of default against the Louis Mosier

---

[1] According to the note and mortgage, the payments were to be made to Mosier Enterprises, unless Kost was given written notice indicating otherwise. (Compl. ¶ 8.) In April 2008, following the death of Louis Mosier, Kost received a notice stating that further payments on the note should be made to the Trust, which Kost did up until December 2011. (*Id.* ¶¶ 11-13.)

[2] The court notes a discrepancy between the total amount of overpayments sought in the complaint—$163,563.75, (Compl. ¶ 14)—and that sought in the pending motion—$156,268.86, (Dkt. No. 10, Attach. 1 ¶ 9). It appears that the reason for this disparity is that, in the complaint, Kost claims that he made forty-five extra payments, (Compl. ¶ 14), but the documentary evidence in support of Kost's motion demonstrates that Kost made only forty-three extra payments, (Dkt. No. 10, Attach. 5). Thus, the court finds that $156,268.83 is the correct total of overpayments (approximately $3,634.15 X 43).

Trust, and Craig Mosier, individually and in his capacity as Trustee of the Louis Mosier Trust, pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55.1, (Dkt. No. 7), which the Clerk entered on March 31, (Dkt. No. 9).  Kost now moves for a default judgment, seeking: (1) monetary relief in the amount of $156,268.86; (2) a declaration that the mortgage on the real property has been satisfied and is to be discharged of record; and (3) pre-judgment interest.  (Dkt. No. 10, Attach. 1 ¶¶ 9-10.)  Defendants still have not responded.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  In determining the propriety of damage claims, however, a hearing is not required where the court is able to "rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum."  *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).  Upon a review of Kost's unopposed and detailed submissions and calculations, the court finds that his claim for damages is supported.

In support of his motion, Kost submitted an affidavit, and attached a

copy of the warranty deeds, note and mortgage, and recording pages for the real property purchased in 1998.  (Dkt. No. 10, Attach. 2; Dkt. No. 10, Attach. 3.)  He also submitted a copy of an amortization schedule for the note, which shows each of the payments over the life of the obligation, and demonstrates that the note was fully satisfied in March 2008.  (Dkt. No. 10, Attach. 4.)  Finally, Kost submitted copies of M&T Bank statements, which show that he continued to make forty-three additional payments of approximately $3,634.15 between April 2008 and December 2011, totaling $156,268.83 in overpayments.  (Dkt. No. 10, Attach. 5.)  Accordingly, Kost is entitled to $156,268.83.

Kost also seeks prejudgment interest pursuant to N.Y. C.P.L.R. § 5001.  (Dkt. No. 10, Attach. 1 ¶ 10.)  In diversity cases such as this one, the award of prejudgment interest is a substantive issue, governed by New York law.  *See Gov't Emps. Ins. Co. v. IAV Med. Supply, Inc.*, No. 11-CV-4261, 2013 WL 764735, at *8 (E.D.N.Y. Feb. 8, 2013).  Section 5001 of New York Civil Practice Law and Rules provides, in pertinent part, that "[i]nterest shall be recovered upon a sum awarded . . . because of an act . . . depriving or otherwise interfering with title to, or possession or enjoyment of, property."  N.Y. C.P.L.R. § 5001(a); *Beeck v. Costa*, 39 Misc.

3d 347, 365 (Sup. Ct., N.Y. Cnty. 2013) (holding that "[t]he award of prejudgment interest in cases of . . . unjust enrichment . . . is proper where a defendant wrongly held a plaintiff's money" (citations omitted)). Courts ordinarily apply a statutory interest rate of nine percent per annum in determining prejudgment interest under New York law. *See* N.Y. C.P.L.R. § 5004. Under § 5001(b), interest may be calculated from "the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). However, "[w]here . . . damages were incurred at various times, interest shall be computed . . . upon all of the damages from a single reasonable intermediate date." *Id.* To that end, courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994).

Here, because Kost incurred damages over a three-year period, he requests, and the court employs, the latter calculation method. (Dkt. No. 10, Attach. 1 ¶ 10.) Kost requests prejudgment interest calculated "from the mid-point of the damage[s] period (January 2010)" up to the entry of judgment, totaling $32,752.24 plus $38.53 per day from April 30, 2014 up

until the entry of judgment.³ (*Id.*) The court, however, finds that the point when Kost realized that he had overpaid, and that the underlying obligation was fully satisfied, is a "reasonable intermediate date" for purposes of calculating prejudgment interest. Accordingly, the intermediate date by which the court will calculate prejudgment interest is January 1, 2012. Kost is thus entitled to $32,816.45, plus $38.53 per diem from April 30, 2014 until judgment is entered, in prejudgment interest under N.Y. C.P.L.R. § 5001.⁴

**ACCORDINGLY**, it is hereby

**ORDERED** that Kost's motion for default judgment (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to enter judgment against the Louis Mosier Trust, and Craig Mosier, individually and in his capacity as Trustee of the Louis Mosier Trust, in the amount of $156,268.83, plus $32,816.45, and $38.53 per diem from April 30, 2014 until judgment is

---

³ The court notes an apparent mathematical error in Kost's request. If the court were to calculate the prejudgment interest from January 2010, applying a nine percent interest rate on the principal sum of $156,268, the prejudgment interest would amount to approximately $60,944.70. This error, however, is of no moment, because, as discussed below, the court will use a different midway point—January 2012—which happens to total $32,816.45, almost the exact amount sought in Kost's motion, (Dkt. No. 10, Attach. 1 ¶ 10).

⁴ Interest equals principal times rate times time. Here, $32,816.45 = $156,268.83 X .09 X 28 (months).

6

entered, in prejudgment interest, plus any applicable bill of costs; and it is further

**ORDERED** that the note and mortgage recorded in the Ontario County Clerk's Office, bearing instrument number 2951 and serial number 4908 recorded on March 19, 1998 at 2:00 P.M. at Book 1009 of Mortgages, Page 155 and as continues thereafter, in the face amount of $275,000 and listing Michael G. Kost, Sr. as mortgagor and Mosier Enterprises, Inc., a New York corporation, and Louis Mosier as mortgagee is **SATISFIED** and to be **DISCHARGED** of record; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 3, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

7